NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  14a0500n.06

No. 13-6531

UNITED STATES COURTS OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 09, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| JAMES V. NEAL; CONNIE I. NEAL, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| ) | |
| ) | ON APPEAL FROM THE UNITED |
| v. ) | STATES DISTRICT COURT FOR THE |
| ) | WESTERN DISTRICT OF TENNESSEE |
| FIRST ALLIANCE BANK; BANKPLUS ) | |
| BANK, and NORMAN P. HAGEMEYER, ) | OPINION |
| Chapter 7 Trustee, ) | |
| ) | |
| Appellees. ) | |

**BEFORE:**    **GUY, KETHLEDGE, and STRANCH, Circuit Judges.**

**STRANCH, Circuit Judge.**  Debtors James and Connie Neal appeal the district court's order affirming a decision of the Bankruptcy Court that denied exemption from the bankruptcy estate of two annuities.  For the reasons stated in the decision of the district court, we affirm the order of the bankruptcy court.

The Neals filed a voluntary petition for Chapter 7 bankruptcy in May 2012.  In their Schedule C listing of property claimed as exempt from creditors, they included two annuities that are the subject of this appeal.  The Chapter 7 Trustee, joined by creditors First Alliance Bank and BankPlus, objected to the claimed exemptions as not authorized under Tennessee Code Annotated § 56-7-203.

For the two annuities as issue, Annuity 4160 listed James Neal as the owner and Connie Neal as the Annuitant and the Beneficiary and Annuity 4524 listed Connie Neal as the owner, and James Neal as the Annuitant and the Beneficiary. According to both annuity contracts, the owner is "[t]he person or entity shown in the Schedule . . . , that owns the master group contract under which [the] Annuity is issued"; the annuitant is the person on whose life the annuity is based; and the beneficiary is the recipient of the death benefit under the annuity.

The statute at issue provides that:

> The net amount payable under any policy of life insurance or under any annuity contract upon the life of any person made for the benefit of, or assigned to, the spouse and/or children, or dependent relatives of the persons, shall be exempt from all claims of the creditors of the person arising out of or based upon any obligation created after January 1, 1932, whether or not the right to change the named beneficiary is reserved by or permitted to that person.

Tenn. Code Ann. § 56-7-203.

The bankruptcy court conducted a hearing on the Trustee's objection to the exemption and sustained the objection, determining that the annuities did not qualify. The Neals appealed to the district court, which analyzed the language in the statute and affirmed the bankruptcy court's decision. The Neals appealed to this court.

In an appeal from the district court's review of a bankruptcy court's decision, we owe no special deference to the district court. *In re Eagle-Picher Indus., Inc.*, 447 F.3d 461, 463 (6th Cir. 2006). We "review the bankruptcy court's legal conclusions de novo and uphold its factual findings unless clearly erroneous." *Id*. (internal quotation marks omitted).

Here, the district court's well-written order correctly analyzes Tennessee Code Annotated § 56-7-203 and the bankruptcy court's decision. We find nothing in the bankruptcy court's legal conclusions or factual analysis that requires further explanation. Therefore, we adopt the district court's reasoning and its determination that the bankruptcy court was correct in deciding that the

annuities at issue do not qualify as exempt under Tennessee Code Annotated § 56-7-203.

Accordingly, we affirm the judgment of the district court.